ARMSTRONG GROCERY COMPANY v. M. BANKS and J. N. POTTER, Trading as M. BANKS & COMPANY, and D. P. CASEY, Trading as CENTRAL GARAGE.

(Filed 7 March, 1923.)

**1. Courts—Jurisdiction—Justices' Courts.**

An action against a debtor and the alleged fraudulent purchaser of his goods and effects used in his business, as to the latter is not an action founded upon contract, and for the recovery of personal property or damage of concession thereof a justice of the peace has no jurisdiction when the sum of $125 is the amount involved.

**2. Same—Superior Courts—Fraud—Equities.**

The court of a justice of the peace is without jurisdiction to affirmatively administer an equity; and where the plaintiff has a cause of action at law against one of the defendants, coming within the jurisdiction of the justice's court, and seeks an adjustment of an equity founded on alleged fraudulent transactions with the codefendants, his having brought his action in the Superior Court is the choice of the proper jurisdiction, and the granting by the judge of the Superior Court of the defendants' motion to dismiss for the want of jurisdiction in that court is erroneous.

**3. Same—Code Procedure—Multiplicity of Suits.**

An action to set aside a sale of partnership assets by a solvent to an insolvent partner, and a sale to another as void against our statute regulating sales of merchandise in bulk, involves an adjudication upon an equity that is not cognizable by a justice of the peace, but only in the Superior Court, where alone the property can be followed and the full rights of the parties administered, and this is in conformity with our Code procedure requiring that all rights should be administered in one action, or suit, and a multiplicity of suits should be avoided.

**4. Courts—Jurisdiction—Superior Courts—Equities—Law—Judgments—Remedies.**

Under our Code and procedure the Superior Court has cognizance of both legal and equitable remedies, and a creditor may join in one action a proceeding to recover a judgment for the amount of his debt, and another

to subject property fraudulently disposed of by his debtor, to the payment thereof, and also may enforce his judgment by *mandamus* in proper cases; and he is not required as a prerequisite to the enforcement of his equitable rights that he must have first obtained his judgment in a separate action.

APPEAL by defendants from *Calvert, J.,* at the Fall Term, 1922, of PAMLICO.

*Z. V. Rawls for plaintiff.*
*No counsel for defendants.*

WALKER, J. This is a civil actoin which was brought in the Superior Court of Pamlico County for the purpose of obtaining equitable relief against the defendants, Potter and Casey, the amount involved being $125.03. His Honor, Judge Calvert, at the November Term, 1922, of Pamlico Superior Court, granted the defendants' motion to dismiss for want of jurisdiction. For two years or more previous to the above action, the defendants, M. Banks and J. N. Potter, were partners, trading under the firm name of M. Banks & Company, and while conducting their partnership business under the firm name of M. Banks & Company, became indebted to plaintiff for goods sold and delivered to the amount of $125.03.

On 1 July, 1921, the defendant M. Banks assigned to his codefendant, J. N. Potter, all his interest in said partnership property, alleging it to be for the security of $2,000, the defendant Potter permitting the partnership business to be continuously operated under its original name of M. Banks & Company, it being generally known that the defendant bank was totally insolvent. The partnership business consisted of the repairing of automobiles and the sale of various supplies and accessories used in the automobile business, including a lot of bolts, hardware, fan belts, and many other automobile supplies carried in stock by the defendant, M. Banks & Company.

On 18 July, 1922, the said defendants, M. Banks and J. N. Potter, still trading under the firm name of M. Banks & Company, sold to D. P. Casey all of said partnership effects in bulk, consisting of their entire stock of merchandise, automobile supplies, etc., without giving any notice to creditors, as required by law, or otherwise complying with the requirements of the statute.

The plaintiff in this action demands, as relief, that the transfer by M. Banks to his codefendant Potter of his interest in the said partnership effects be declared void as to their creditors, and that the sale by the defendants, M. Banks and J. N. Potter, trading as M. Banks &

Company, to the defendant Casey also be declared void, and each of the defendants be held liable for the indebtedness.

This action as to the defendants Potter and Casey is not founded on contract, and if it had been originally started in a court of a justice of the peace, that court would have had no jurisdiction. Revised Statutes, sec. 1474.) "The jurisdiction of our Superior Court is general and not limited, except in the sense that it has been narrowed from time to time by carving out a portion of this general jurisdiction and giving it either exclusively or concurrently to other courts. *Sewing Machine Co. v. Burger,* 181 ·N. C., 247. It has never been held here that equitable relief can be administered affirmatively by the court of a justice of the peace. The court of a justice of the peace has no jurisdiction by which it can affirmatively administer an equity. *Berry v. Henderson,* 102 N. C., 525; *Fidelity Co. v. Jordan,* 134 N. C.,·236; *McAdoo v. Callum,* 86 N. C., 419; *Lutz v. Thompson,* 87 N. C., 334, 337; *Levin v. Gladstein,* 142 N. C., 482; *Bell v. Howerton,* 111 N. C., 69. Though a defendant in a justice's court may set up an equitable defense, *Levin v̇. Gladstein, supra; Lutz v. Thompson, supra,* as in, such cases a justice has jurisdiction of equitable matters interposed by way of defense in actions properly cognizable upon them. *Bell v. Howerton, supra; Garrett v. Love,* 89 N. C., 205; *Lutz v. Thompson, supra; Cheese Co. v. Pipkin,* 155 N. C., 394. It has been held in other cases besides those cited by us that while the court of a justice of the peace is one for the enforcement of remedies merely legal, it may so far recognize an equity involved in any action pending before it as to permit it to be pleaded as a defense. *Bell v. Howerton, supra; McAdoo v. Callum, supra; Fidelity Co. v̇. Jordan, supra.* The case of *McAdoo v. Callum, supra,* will illustrate the distinction, in this respect, between equities affirmatively set up and those pleaded defensively. *Hurst v. Everitt,* 91 N. C., 399. See, also, *Bell v. Howerton, supra; Holden v. Warren,* 118 N. C., 326; *Vance v. Vance,* 118 N. C., 865; *Lutz v. Thompson, supra,* and *Levin v. Gladstein, supra,*

One of the most important purposes of the adoption of the Code system of pleading was to enable parties to determine and settle their differences in one action. The law favors the ending of litigation, and frowns upon the multiplicity of suits. Hence, whenever possible, in the construction of statutes this wise and wholesome policy should be observed. *Sewing Machine Co. v. Burger, supra.*

Plaintiff had not a safe, adequate, and effective remedy at law for the enforcement of his right, hence the jurisdiction of a court with equitable powers to administer the same and apply the proper remedy. Even if he could obtain judgment, issue execution, and levy it upon the property thus fraudulently disposed of by his debtor, and attempted to be put

beyond the reach of creditors, it was not a safe or adequate remedy, because the creditor must assume all the risk of satisfying his claim by a proceeding at law without obtaining full or effective relief, or the satisfaction of his debt, whereas, in equity or by a civil action in the nature of a suit in equity, under the present system of pleading, practice, and procedure, he can subject property, which has been fraudulently disposed of by the debtor, or attempted to be placed beyond the reach of his creditors, to seizure and sale for the payment of debts without incurring any such risk, and so that the property may be sold more advantageously and command its full value; whereas, if sold under a judgment and execution at law, before the fraud has been established and there is uncertainty as to title and clear right to sell, this beneficient result is not accomplished or attainable. It is settled, therefore, that the creditors may resort to either remedy, under the doctrine of election, and in this instance, having selected the equitable one, he may proceed therein to allege a fraudulent sale, have the same set aside, and the property subjected to sale under decree of the court for the satisfaction of his claim, and especially is this true under our present judicial system. *Harrison v. Battle,* 16 N. C., 537. And it is not now required that the debt should be first reduced to judgment, as a creditor may join in one action a proceeding to recover a judgment for the amount of his debt and another to subject property to the payment thereof, or to enforce his judgment by a *mandamus* in proper cases, *McLendon v. Comrs.,* 71 N. C., 38, as, under The Code and the present procedure the Superior Court has cognizance of both legal and equitable actions. *Dawson Bank v. Harris,* 84 N. C., 206. Of such an action as this one, the court of a justice of the peace has no jurisdiction.

It follows that the learned judge erred in dismissing the action, and for this reason the judgment is reversed and the case will further proceed below, according to law and the course and practice of the court.

Reversed.