BOARD OF EDUCATION OF PERQUIMANS COUNTY v. WILLIAM HENRY DEITRICK AND F. N. THOMPSON.

(Filed 25 February, 1942.)

**Torts § 4—In action against contractor for defective material, contractor is not entitled to joinder of materialman as joint tort-feasor.**

In a suit against the contractor and the architect alleging failure to provide adequate ventilation in the foundation of the building constructed and the use of inferior and defective lumber and fraudulently concealing the defects from plaintiff, the contractor is not entitled to have the materialman joined as codefendant upon allegations that it furnished the lumber and in turn fraudulently concealed the nature and condition of the lumber, since there is no privity between plaintiff and the material-

man and the alleged tort of the materialman is an independent tort committed by it against the contractor, and it and the contractor are in no sense joint tort-feasors.

APPEAL by defendant Thompson from *Thompson, J.* From PERQUIMANS. Affirmed.

Defendant Thompson, a building contractor, entered into an agreement with plaintiff to construct a school building at Windfall in Perquimans County according to plans and specifications. Defendant Deitrick was the architect. Plaintiff alleges that defendants failed to provide adequate ventilation in the foundation of said building and used green, inferior and defective material in the construction of same, and that the defendants fraudulently concealed from plaintiff the failure to provide such ventilation and the use of such inferior and defective lumber and material. It seeks to recover damages therefor.

The defendant Thompson, answering, denied any fraudulent concealment and alleged in further defense that if green, inferior and defective lumber was used, it was purchased from Major & Loomis Company, which company in turn fraudulently concealed from the defendant the nature and condition of such lumber. He thereupon moved that Major & Loomis Company be made a party defendant and required to answer his cross action in respect thereto. The motion was denied and said defendant appealed.

*McMullan & McMullan for plaintiff, appellee.*
*M. B. Simpson, Cochran & McCleneghan for defendant, appellant.*

PER CURIAM. There is no privity between plaintiff and Major & Loomis Company. Any fraudulent concealment of the condition of the lumber sold by Major & Loomis Company to the defendant Thompson constitutes a wrong committed by it against Thompson. Plaintiff is not concerned therewith. The alleged wrong committed by the defendant Thompson, if committed at all, is an independent tort against the plaintiff. Major & Loomis Company did not participate therein. It is in no sense a joint tort-feasor. The motion was properly denied. *Hoover v. Indemnity Co.,* 202 N. C., 655, 163 S. E., 758; *Brown v. R. R. Co.,* 202 N. C., 256, 162 S. E., 613; *Bost v. Metcalfe,* 219 N. C., 607, 14 S. E., (2d), 648.

Affirmed.