CITY OF WILMINGTON, NORTH CAROLINA, NEW HANOVER COUNTY, AND C. R. MORSE, CITY-COUNTY TAX COLLECTOR, v. GEORGE SCHUTT AND WIFE, LANEY S. SCHUTT, AND CARL B. SCHUTT AND WIFE, LIDA M. SCHUTT.

(Filed 10 December, 1947.)

**1. Justices of the Peace § 3—**

Justices of the peace have no equity jurisdiction and therefore no jurisdiction of a cause on contract to recover an amount less than $200 when plaintiff seeks to have the recovery declared a lien on specific realty under the terms of the contract.

**2. Contracts § 21—**

In an action on contract plaintiff is not required to set out the full contents of the instrument in the complaint or to incorporate same by reference to copy thereof attached as an exhibit.

**3. Pleadings § 3a—**

The complaint should contain allegations of the ultimate facts constituting the cause of action and not the evidential facts. G. S., 1-122.

**4. Courts § 3b—**

The Superior Court has exclusive original jurisdiction of a cause on contract to recover an amount less than $200 when plaintiff seeks to have the recovery adjudged a lien on specific property under the terms of the instrument.

APPEAL by plaintiffs from *Morris, J.,* April Term, 1947, NEW HANOVER. Reversed.

Civil action to recover the value of labor and material furnished in making certain alterations and repairs on the property of defendant and to have same declared a lien thereon, heard on motion to dismiss.

The essential allegations in the complaint by which the merit of the motion is to be tested are these:

(1) The plaintiffs and defendants entered into a written contract under seal under the terms of which defendants authorized the plaintiffs to do certain construction, alteration and repair work on their premises, pursuant to an ordinance duly adopted in furtherance of rat eradication and typhus fever control.

(2) The defendants in said contract specifically agreed to reimburse plaintiffs for the actual expenditures made by them in performing the contract on their part and "that said expenditures should be and constitute a lien on said premises until paid."

(3) Plaintiffs, in doing the work contemplated by the contract, made expenditures in the total amount of $182. The defendants, on demand, failed to pay the same.

Plaintiffs instituted this action in the Superior Court to recover said amount of $182 and to have the same declared a lien upon said land and premises until fully paid. There was judgment by default final on the debt and by default and inquiry on plaintiff's claim of a lien. The defendants had the cause set on the motion docket and moved to dismiss for want of jurisdiction of the cause of action alleged in the complaint. The motion was allowed and judgment dismissing the action was duly entered. Plaintiffs excepted and appealed.

*J. H. Ferguson for plaintiff appellants.*
*Stevens & Burgwin for defendant appellees.*

BARNHILL, J. A justice of the peace has no equity jurisdiction, and when the remedy sought in a suit on contract is, in whole or in part, equitable in nature the action must be instituted and maintained in the Superior Court, irrespective of the amount in controversy. McIntosh, P. & P., sec. 62, p. 60; *Kiser v. Blanton,* 123 N. C., 400; *Sewing Machine Co. v. Burger,* 181 N. C., 241, 107 S. E., 14; *Grocery Co. v. Banks,* 185 N. C., 149, 116 S. E., 173.

When the amount sought to be recovered in such an action is less than $200, "it is not now required that the debt should be first reduced to judgment, as a creditor may join in one action a proceeding to recover a judgment for the amount of his debt and another to subject property to the payment thereof . . ." *Grocery Co. v. Banks, supra.*

There is no rule which requires a plaintiff to set forth in his complaint the full contents of the contract which is the subject matter of his action or to incorporate the same in the complaint by reference to a copy thereof attached as an exhibit. He must allege in a plain and concise manner the material, ultimate facts which constitute his cause of action. G. S., 1-122; *Palterson v. R. R.,* 214 N. C., 38, 198 S. E., 364; *Wadesboro v. Coxe,* 215 N. C., 708, 2 S. E. (2d), 876; *Barron v. Cain,* 216 N. C., 282, 4 S. E. (2d), 618. The production of evidence to support the allegations thus made may and should await the trial.

The plaintiffs allege that defendants, by contract under seal, agreed that the amount due the plaintiffs should be and constitute a lien upon the lands of defendants described in the complaint. They seek not only to recover judgment on their debt but also to have the same adjudged a lien on specific property. Thus they seek an equitable remedy of which the Superior Court alone has jurisdiction.

It follows that the judgment of the court below must be
Reversed.