### L. H. WALL v. WILL ENGLAND.

(Filed 2 November, 1955.)

**1. Pleadings § 31½ : Courts § 5: Judgments § 33f—**

An order striking certain allegations from an answer was entered at term by the presiding judge, with leave to defendant to file answer or other pleading. No exception was taken to the order. Thereafter defendant filed an amended further answer. At a subsequent term, upon the hearing of plaintiff's motion to strike, the court found that the amended further answer contained the identical matter stricken under the prior order. *Held:* Order striking the amended further answer is affirmed, since defendant was concluded by the prior order as the law of the case, there being no right of appeal from one Superior Court judge to another.

**2. Pleadings § 22—**

An order striking certain matter from a pleading with permission to the pleader to file further pleading if so advised, does not authorize the pleader to file a subsequent amendment reiterating *verbatim* or in substance the matter ordered stricken.

APPEAL by defendant from *McSwain, Special J.,* at May Term 1955, of CALDWELL.

Civil action to recover damages, both actual and punitive, for alleged libel and slander, heard upon motion of plaintiff to strike certain averments from further answer of defendant.

The record on this appeal discloses the following: Plaintiff alleges in his complaint in pertinent part, summarily stated:

(1) That defendant, as owner and publisher of a sheet designated and called "The Hypodermic," on a certain date, published therein, and uttered of and concerning the plaintiff certain false, libelous and slanderous matters specifically set forth, with respect to a demurrer,

filed by plaintiff, as an attorney, to a complaint filed by defendant as it relates to returns in primary election in which defendant was a candidate.

(2) That in response to demand by plaintiff that defendant retract, and apologize for, the publication and utterances, defendant published a statement in his "publication" that he would apologize, but then reiterated and re-emphasized his former publication in language specifically quoted, which constituted no apology or retraction.

(3) That defendant made, publicized and declared these statements "of and concerning this plaintiff, knowing full well, or should have known, that the same were false, libelous and slanderous; that he made the said statements maliciously, carelessly, recklessly and without any investigation as to the truth of said statements."

(4) That on account of the libelous and slanderous remarks published of and concerning plaintiff he, the plaintiff, was damaged in character and reputation in the sum of $10,000; and that on account of the malicious, careless, reckless and wanton manner in which the libelous statements were made and circulated by defendant, and his failure to retract said statements, as by statute provided in such cases, plaintiff is entitled to have and recover of defendant punitive damages in the amount of $5,000.

Defendant filed an answer to the complaint, in which he admits the publication, and that plaintiff made a request that he, the defendant, publish an apology and retraction of the publication and utterance, and that he published a retraction and .apology as to the statements contained in the former article in words as quoted,—averring the truth of portions of the published article for which no apology is made. Defendant denies, as untrue, all other allegations of the complaint *seriatim*.

However, further answering the complaint defendant averred at length matter pertaining to a controversy he had with the Board of Elections of Caldwell County in respect to results of a certain primary election in which he, the defendant, was a candidate, as to which he filed a complaint for a writ of *mandamus* in Superior Court of Caldwell County, "requesting that the defendants therein, the Board of Elections of Caldwell County, *et al.*, be compelled to certify that this defendant had the second highest number of votes in said primary election, and requesting that they be compelled to call a run-off election between F. L. German and this defendant," and that it was to this complaint that L. H. Wall, plaintiff in present action, representing the defendants there, filed demurrer referred to in the publications of which present plaintiff complains.

The plaintiff, through his attorneys, moved to strike certain portions of the further answer to the complaint as so filed, for the reason that

the same are irrelevant and immaterial, and do not constitute a defense to an action for libel and slander. This motion came on for hearing and was heard before Judge Rudisill, presiding at February Term 1955 of Caldwell Superior Court, and the judge being of opinion and, finding "as a matter of fact, that those portions of the answer and further answer and defense specified in the motion to strike are irrelevant, improper and prejudicial to the plaintiff and that they should be stricken from the answer" entered an order on 9 March, 1955, in which it is adjudged and decreed "that all those portions of the answer and further answer of the defendant as set forth in the motion to strike be and the same are stricken from the answer," and, further, "that the defendant have thirty days from the 9th day of March, 1955 in which to file answer or other pleading if he is so advised." The record fails to show that defendant excepted to or appealed from this order.

However, the record shows that thereafter defendant filed an amended further answer. Thereupon on 28 April, 1955, the plaintiff, L. H. Wall, moved the court for an order striking out the amended further answer upon the grounds that the matters and things therein alleged are incompetent, irrelevant, immaterial and sham, and have already been adjudged so to be, and, therefore, the question is *res judicata,* and plaintiff moved for judgment on the pleadings for that the amended further answer is frivolous and made for the purpose of delay.

The cause came on for hearing and was heard before Judge McSwain, presiding at the 2 May, 1955, term of Caldwell County Superior Court, when and where the judge entered the following order: "This cause coming on to be heard and being heard before the undersigned upon motion of the plaintiff to strike out the entire amended further answer filed by the defendant and it appearing to the court and the court finding as facts that the matters and things set forth in said amended further answer are incompetent, irrelevant, immaterial, sham and frivolous;

"And it further appearing to the court that the identical matters and things set forth in the amended further answer filed in this action on April 8, 1955 had theretofore been adjudicated on March 9, 1955 before the Honorable J. C. Rudisill, Judge presiding at the February-March 1955 Term of Caldwell Superior Court to be incompetent, irrelevant and immaterial and the court concluding as a matter of law that the competency, relevancy, and materiality of the matters and things set forth in said amended further answer are *res judicata.*

"It is therefore ordered that the entire amended further answer filed by the defendant on April 8, 1955 be, and the same is hereby stricken out."

Defendant excepted to this judgment, and appeals to Supreme Court and assigns error.

*Claude F. Seila, W. H. Strickland, and Hunter Martin for plaintiff, appellee.*

*Kenneth D. Thomas for defendant, appellant.*

WINBORNE, J.   This appeal turns in the main on a procedural question.   It is observed that the judgment of Judge Rudisill, striking out the averments of defendant's further answer on the ground that same is irrelevant, improper and prejudicial to plaintiff, was entered in term time, at a term of Superior Court, over which he was the presiding judge, with jurisdiction and power to hear and pass upon the motion to strike.   G.S. 1-153.   This Court held in *Commrs. v. Piercy,* 72 N.C. 181, that the Superior Court has power to strike out an answer whenever it appears to the satisfaction of the Court that it is irrelevant or frivolous under the statute as it then existed.   C.C.P. 120.   If the ruling of the Judge of Superior Court were erroneous, the remedy of defendant was to except thereto and appeal to Supreme Court.   And upon failure of defendant to except and appeal the judgment becomes, not so much as *res judicata,* as the law of the case.

Hence the judgment of Judge Rudisill was not before Judge McSwain for review.   He, Judge McSwain, could not question its correctness but was bound by its terms.   Indeed no appeal lies from one Superior Court judge to another.   *S. v. Oil Co.,* 205 N.C. 123, 170 S.E. 134, citing *S. v. Lea,* 203 N.C. 316, 166 S.E. 292; *Revis v. Ramsey,* 202 N.C. 815, 164 S.E. 358, and numerous other cases.   "The power of one judge of the Superior Court is equal to and coordinate with that of another.   A judge holding succeeding term of a Superior Court has no power to review a judgment rendered at a former term upon the ground that such judgment is erroneous."   *Caldwell v. Caldwell,* 189 N.C. 805, 128 S.E. 329.

And the judgment of Judge Rudisill striking the averments of defendant's further answer is not before this Court for review.

Moreover, when the motion to strike the further answer repleaded by defendant came before Judge McSwain for hearing, the question before him related to the identity of matters pleaded.   He has found them so to be.   And while Judge Rudisill gave defendant permission "to file answer or other pleading if he is so advised" it may not be seriously contended that this meant that defendant could reiterate *verbatim* or in substance the matters just ordered stricken.   At least there is nothing in the record to so indicate.

Hence the judgment from which this appeal is taken will be
Affirmed.