CUTHBERTSON v. BURTON.

---

MRS. EULA CUTHBERTSON v. ROBERT BURTON, DEFENDANT, AND EXCELL R. CUTHBERTSON, ADDITIONAL DEFENDANT.

(Filed 16 December, 1959.)

1. **Compromise and Settlement: Courts § 9— One Superior Court judge has no authority to review a final order of another.**

   Plaintiff and the original defendant reached a compromise which was approved by the court by order authorizing and directing the original defendant to pay a stipulated sum to plaintiff in full settlement of her claim but without prejudice to the rights of the original defendant to maintain his cross-action against the additional defendant for contribution, the additional defendant being represented when the order was entered. Thereafter the additional defendant was permitted to file answer alleging the compromise and release of the original defendant and asserting that such release of his joint tortfeasor released him, and later moved that the cross-action of the original defendant against him be dismissed. *Held:* The motion to dismiss was properly denied, since one Superior Court judge is without authority to review and vacate final orders entered in the cause by another Superior Court judge.

HIGGINS, J., took no part in the consideration or decision of this case.

APPEAL by additional defendant Excell R. Cuthbertson from *Sharp, S. J.,* April 6, 1959 Special Term, of MECKLENBURG.

In February 1955 plaintiff sued Robert Burton to recover the sum of $10,000 for personal injuries resulting from a collision between an

automobile operated by her husband, Excell R. Cuthbertson, and an automobile operated by defendant Burton. She alleged she was a passenger in the car operated by her husband; and the collision was caused by the negligence of Burton.

In May 1955 Burton moved to make Excell R. Cuthbertson, an asserted joint tortfeasor, a party defendant in accord with the privilege granted by G.S. 1-240. The motion was allowed. Process issued for and was served on Excell R. Cuthbertson. Burton answered plaintiff's complaint and in his answer asserted his cross-action against Excell R. Cuthbertson, alleging that the additional defendant was negligent and, that his negligence concurred with Burton's negligence in causing the collision and resulting damages to plaintiff. The additional defendant answered on 6 June 1955. He denied negligence causing the collision, asserting that the collision resulted solely from the negligence of Burton. In addition to denying negligence, he asserted a counterclaim against Burton for damage alleged to have been caused by Burton to the additional defendant's automobile.

The cause came on for trial at the October 1956 Term of Mecklenburg. On 31 October 1956 and during the course of the trial, counsel for Burton reported to the court that he had discussed with counsel for the additional defendant settlement by Burton of plaintiff's claim without prejudice to Burton's right to continue his action against the additional defendant for contribution, that plaintiff had indicated a willingness to accept $1,800 in settlement of her claim against defendant, and that defendant Burton was prepared to pay said sum on condition that the settlement be approved by the court without prejudice to the rights of defendant Burton to pursue his claim for contribution against defendant Cuthbertson and on condition that the cause remain on the civil issue docket for that purpose.

Thereupon the court entered an order reciting: "The Court being of the opinion that such a settlement without prejudice and retention of the cause for the determination of the rights of the defendants between themselves would be in the interest of justice and offer a fair method of adjudicating the rights of the defendants and that such action should be taken under and by direction of the Court and at the discretion of the Court; IT IS THEREFORE ORDERED AND ADJUDGED; 1. The defendant Robert Burton is authorized and directed to pay to the plaintiff Mrs. Eula Cuthbertson the sum of $1800.00" which would constitute full settlement of her claim, which payment would be without prejudice to the rights of defendant Burton to maintain his action against the additional defendant and without prejudice to the rights of additional defendant to maintain his counterclaim for damages to his automobile. The additional defendant was represented

when the order referred to was entered. He excepted to the findings of fact made by the court and to those parts of the order directing that the cause remain on the civil issue docket for trial of the issues raised in the pleadings filed by defendants Burton and Cuthbertson.

On 9 November 1956 defendant Cuthbertson moved that he be permitted to file amendment to his answer so as to allege an additional defense which had arisen since the filing of his original answer. The amendment was designated as a second and further defense. It states that defendant Burton had paid to plaintiff the sum of $1,800 which had been accepted by plaintiff in full settlement and satisfaction of all claims as set out in the complaint, and pursuant to such settlement plaintiff has executed a release releasing Burton. Additional defendant averred this release executed by plaintiff to one of the alleged tortfeasors released all.

In September 1958 Judge Froneberger, presiding over the courts of Mecklenburg, permitted additional defendant to file the proposed amendment. At the March Term 1959 additional defendant moved before Judge Sharp for judgment dismissing defendant Burton's action against him for the reasons assigned in his answer as amended. Judge Sharp denied the motion and additional defendant appealed.

*Kennedy, Covington, Lobdell & Hickman for additional defendant, appellant.*
*John H. Small for defendant, appellee.*

RODMAN, J.   Judge Sharp correctly refused to allow the motion of additional defendant. The amended answer asserts an affirmative defense requiring proof. Burton has not by demurrer challenged the asserted defense and thereby admitted the facts alleged. The amended answer merely pleads the asserted release and not the order or judgment pursuant to which the release was executed. Judge Huskins both *authorized* and *directed* payment of $1,800 and acceptance of a release. The scope and effect of Judge Huskins' order can only be determined when that is properly before us.

Judge Sharp was without authority to review and vacate orders or judgments, not merely interlocutory, entered in the cause by another judge of the Superior Court. *Topping v. Board of Education,* 249 N. C. 291, 106 S.E. 2d 502; *Neighbors v. Neighbors,* 236 N.C. 531, 73 S.E. 2d 153; *Davis v. Land Bank,* 217 N.C. 145, 7 S.E. 2d 373. The court properly refused to allow the motion of additional defendant.

Affirmed.

HIGGINS, J., took no part in the consideration or decision of this case.