MIKE METCALF, TERRY METCALF, BILLY METCALF AND MARGIE MET-CALF, W. J. TEAGUE AND WIFE, LORETTA TEAGUE AND PAUL M. AIKEN, SR., AND WIFE, VERNEDA AIKEN v. W. C. PALMER AND WIFE, HAZEL H. PALMER, AND CHARLES O. COFFEY BUILDERS, INC., AND B. A. BROOKS

No. 7925SC991

(Filed 6 May 1980)

**Appeal and Error § 6.2— order setting aside judgment—appeal premature**

The trial court's order entered pursuant to Rule 60(b)(1) setting aside a judgment which had dismissed plaintiff's action with prejudice for failure of plaintiffs' counsel to appear when the case was called for trial was interlocutory, and defendants' appeal therefrom was premature.

APPEAL by defendants from *Hairston, Judge.* Order entered 5 June 1979 in Superior Court, CALDWELL County. Heard in the Court of Appeals 17 April 1980.

Plaintiffs commenced this action on 5 June 1978 by filing complaint in which they seek damages for breach of contract. Defendants filed answer denying material allegations in the complaint. The case was placed on the calendar for trial at the regular 12 February 1979 Session of Superior Court in Caldwell County. Upon call of the case on the morning of 13 February 1979, plaintiffs' counsel failed to appear, and Judge Kenneth A. Griffin, the Judge Presiding, entered an order dismissing the action with prejudice.

On 23 February 1979 plaintiffs filed a motion to set aside the judgment dismissing the action. This motion was heard before Judge Peter W. Hairston, Judge Presiding at the 4 June 1979 Session of Superior Court in Caldwell County. On 5 June 1979 Judge Hairston entered an order finding that on Monday, 12 February 1979, the plaintiffs' attorney had called the clerk's office and asked to be given one day's notice before the case was tried, that on Tuesday, 13 February 1979, the attorney's client was in court but the attorney was not present, and that to dismiss this case would be to punish the client for neglect of the counsel. The court also found that under the circumstances counsel's neglect merited relief under G.S. 1A-1, Rule 60(b)(1). In accord with these findings, Judge Hairston ordered that the judgment dismissing the action with prejudice be set aside and that the case be returned to the regular calendar. From this order, defendants appealed.

*Hamrick and Hamrick by J. Nat Hamrick for plaintiff appellees.*

*Wilson, Palmer & Cannon by Bruce L. Cannon for defendant appellants.*

PARKER, Judge.

Defendants have attempted to appeal from an order entered pursuant to G.S. 1A-1, Rule 60(b)(1), setting aside a judgment which had dismissed plaintiffs' action with prejudice for failure of plaintiffs' counsel to appear when the case was called for trial.

The order appealed from is interlocutory. It does not affect any substantial right of defendants which cannot be protected by timely appeal from the trial court's ultimate disposition of the entire controversy on the merits. Its only effect is to require defendants to face a trial on the merits, just as does an adverse ruling on a Rule 12(b)(6) motion, which "is in most cases, an interlocutory order from which no direct appeal may be taken." *State v. School*, 299 N.C. 351, 355, 261 S.E. 2d 908, 911 (1980); *accord, Auction Co. v. Myers*, 40 N.C. App. 570, 253 S.E. 2d 362 (1979). The right to avoid one trial on the disputed issues is not normally a substantial right that would allow an interlocutory appeal. *See*, 57 N.C.L.R. 907.

In *Waters v. Personnel, Inc.*, 294 N.C. 200, 240 S.E. 2d 338 (1978), defendant appealed from an order of the trial court setting aside, because of procedural irregularity, a summary judgment which had been granted to the defendant. This Court entertained the appeal and reversed. *Waters v. Personnel, Inc.*, 32 N.C. App. 548, 233 S.E. 2d 76 (1977). The Supreme Court granted plaintiff's petition for discretionary review and in turn reversed the decision of this Court, holding that this Court erred in not dismissing defendant's appeal *sua sponte*. In the opinion of the Supreme Court, written for the Court by Exum, J., the Court said:

> General Statutes 1-277 and 7A-27 in effect provide "that no appeal lies to an appellate court from an interlocutory order or ruling of the trial judge unless such ruling or order deprives the appellant of a substantial right which he would lose if the ruling or order is not reviewed before final judgment." *Consumers Power v. Power Co.*, 285 N.C. 434, 437, 206 S.E. 2d 178, 181 (1974); *accord, Funderburk v. Justice*, 25 N.C. App. 655, 214 S.E. 2d 310 (1975). An order is interlocutory "if it does not determine the issues but directs some further proceeding preliminary to final decree." *Greene v. Laboratories, Inc.*, 254 N.C. 680, 693, 120 S.E. 2d 82, 91 (1961). The reason for these rules is to prevent fragmentary, premature and unnecesary appeals by permitting the trial divisions to have done with a case fully and finally before it is presented to the appellate division. "Appellate procedure is designed to eliminate the unnecessary delay and expense of repeated fragmentary appeals, and to present the whole case for deter-

mination in a single appeal from the final judgment." *Raleigh v. Edwards*, 234 N.C. 528, 529, 67 S.E. 2d 669, 671 (1951).

294 N.C. at 207-08, 240 S.E. 2d at 343.

In the present case the parties have not raised the question of appealability. However, "[w]here an appealing party has no right to appeal, an appellate court should on its own motion dismiss the appeal even though the question of appealability has not been raised by the parties themselves." *State v. School*, *supra*, at 360, 261 S.E. 2d at 914.

We recognize that our Supreme Court and this Court have historically entertained appeals from orders setting aside default judgments even though such orders are clearly interlocutory and only questionably may be considered as affecting a substantial right. *See, Davis v. Mitchell*, 46 N.C. App. 272, 265 S.E. 2d 248 (Opinion filed 15 April 1980), and cases cited therein. We acknowledge that our holding in the present case is not altogether logically consistent with that practice. That practice, however, as an English Court once observed with reference to another doctrine, "is grown revered by age, and it is not now to be broken in upon," *Jee v. Audley*, 1 Cox 324, 325, 29 Eng. Rep. 1186, 1187 (1787), and we have been reluctant to do so absent an express direction from our Supreme Court. *See Davis v. Mitchell*, *supra*. However, in light of what we perceive to be the clear signals transmitted by *State v. School*, *supra;* and *Waters v. Personnel, Inc.*, *supra*, we do not think the practice should be extended to permit immediate appeal in the present case.

Appeal dismissed.

Chief Judge MORRIS and Judge WELLS concur.