FREDERICK WILLIAM BRAUN v. RICHARD W. GRUNDMAN

No. 8224DC792

(Filed 19 July 1983)

**Appeal and Error § 6.2— order setting aside judgment upon surprise and neglect — appeal interlocutory**

 An appeal from an order setting aside a judgment as having been entered upon surprise and excusable neglect must be dismissed as interlocutory. G.S. 1A-1, Rule 60(b)(1).

APPEAL by plaintiff from *Lyerly, Judge.* Order entered 19 March 1982 in District Court, WATAUGA County. Heard in the Court of Appeals 18 May 1983.

On 3 August 1981 plaintiff instituted an action against defendant for $800.00 allegedly due him on an account. At a hearing before Magistrate Atita G. Norris on 13 August 1981 plaintiff was awarded $710.00 plus interest. Neither party was represented by counsel at the hearing.

Defendant appealed that decision and a *de novo* trial was held in District Court on 2 November 1981. Again, the parties

chose not to be represented by counsel. During the trial the court ruled inadmissible an unsworn written statement which defendant attempted to present into evidence. On the basis of the admissible evidence presented by both parties, the court awarded plaintiff $750.00 plus interest.

On 12 January 1982 defendant filed a motion to set aside the 2 November 1981 judgment on the basis of mistake, inadvertence, surprise and excusable neglect. Defendant's motion asserted that he had not been represented by counsel at the trial *de novo* and that he had been prevented from introducing certain evidence because of his lack of legal knowledge. He also claimed that the magistrate had led defendant "to believe that he would not need an attorney to present this defense" in district court.

After making findings of fact, Judge Lyerly concluded as a matter of law that the judgment of 2 November 1981 should be set aside and that a new trial be scheduled. From this order plaintiff appealed.

*Eggers & Eggers, by Stacy C. Eggers, III, for plaintiff-appellant.*

*James M. Deal, Jr., for defendant-appellee.*

EAGLES, Judge.

Plaintiff purports to appeal from an order setting aside a judgment as having been entered upon surprise and excusable neglect. G.S. 1A-1, Rule 60(b)(1). Appeals from such orders must be dismissed as interlocutory. *Bailey v. Gooding*, 301 N.C. 205, 270 S.E. 2d 431 (1980); *Metcalf v. Palmer*, 46 N.C. App. 622, 265 S.E. 2d 484 (1980).

Although we need not here address the propriety of the trial court's action in setting aside the judgment on the grounds of mistake, inadvertence, surprise and excusable neglect, we note that a party is not "surprised" merely when he is alarmed by an action taken by the court, nor merely when he has an erroneous view of the law. *Crissman v. Palmer*, 225 N.C. 472, 35 S.E. 2d 422 (1945); *Endsley v. Supply Corp.*, 44 N.C. App. 308, 261 S.E. 2d 36 (1979). Furthermore, a party's voluntary action may estop him from seeking relief from a judgment on the grounds of mistake or

excusable neglect. Wright & Miller, *Federal Practice & Procedure:* Civil § 2858. A party who makes an informed choice as to a particular course of action will not be relieved of the consequences when it subsequently develops that the choice was unfortunate. 7 *Moore's Federal Practice* § 60.22[2].

Appeal dismissed.

Judges WHICHARD and JOHNSON concur.