BRENDA ROBINSON, Plaintiff v. RICHARD CURTIS GARDNER and PIKE ELECTRIC, INC., Defendants

CORY R. ROBINSON, Plaintiff v. RICHARD CURTIS GARDNER and PIKE ELECTRIC, INC., Defendants

No. COA03-1477
No. COA03-1478

(Filed 4 January 2005)

**Appeal and Error— appealability—interlocutory orders—denial of motion to dismiss—setting aside voluntary dismissal**

Defendants' appeal was dismissed as premature where plaintiff filed two actions arising from an automobile accident; each was voluntarily dismissed; plaintiff filed a third; defendants

moved to dismiss under N.C.G.S. § 1A-1, Rule 41(a)(1); plaintiff moved to set aside one of the earlier dismissals; and the court granted that motion and denied defendants' motion to dismiss. Defendants have not demonstrated the existence of a substantial right that would qualify them for an immediate appeal.

Appeal by defendants from orders entered 28 May 2003 and 12 June 2003 by Judge Jesse B. Caldwell, III, in Mecklenburg County Superior Court. Heard in the Court of Appeals 25 August 2004.

*Poyner & Spruill, L.L.P., by E. Fitzgerald Parnell, III, and Cynthia V. McNeely; and Karney, deBrun & Wilcox, by Robert A. Karney, for plaintiffs-appellees.*

*Hedrick, Eatman, Gardner & Kinchloe, L.L.P., by Allen C. Smith and Heather T. Twiddy, for defendants-appellants.*

GEER, Judge.

This appeal arises from a traffic accident. Plaintiffs Brenda and Cory Robinson twice filed lawsuits and then voluntarily dismissed them without prejudice pursuant to Rule 41(a) of the Rules of Civil Procedure. When they filed suit a third time, defendants filed a motion to dismiss pursuant to the "two-dismissal" principle of Rule 41(a)(1). In response, the Robinsons moved, pursuant to Rule 60(b) of the Rules of Civil Procedure, to set aside one of the earlier voluntary dismissals. The trial court entered two orders with the first granting the Robinsons' motion to set aside the earlier voluntary dismissal, and the second denying defendants' motion to dismiss. Defendants have appealed from these two orders. Because this appeal is interlocutory and defendants have failed to identify a substantial right that will be lost without immediate review, we dismiss the appeal.

## Facts

On the afternoon of 13 February 2001, plaintiff Cory Robinson was driving a car with his wife, plaintiff Brenda Robinson, and his parents, Lawrence and Gloria Robinson, as passengers. When defendant Richard Gardner—driving a vehicle owned by his employer, defendant Pike Electric, Inc.—attempted to merge into traffic, he forced a car driven by Sharon Simmons across the center line and into a head-on collision with the Robinsons. Gloria Robinson and Sharon Simmons were killed in the collision, while Cory, Brenda, and Lawrence Robinson were injured.

ROBINSON v. GARDNER

[167 N.C. App. 763 (2005)]

On 31 October 2001, Cory and Brenda Robinson each filed a lawsuit naming Richard Gardner and Pike Electric, Inc. as co-defendants ("the 2001 lawsuits"). The complaints alleged that Gardner was negligent in his driving and that Gardner's negligence was imputed to Pike under a theory of *respondeat superior*.[1] On 29 August 2002, despite the pendency of their 2001 lawsuits, the Robinsons' attorney filed two new lawsuits against Gardner and Pike ("the 2002 lawsuits"), repeating the prior allegations, but also adding claims of negligent entrustment, negligent hiring and retention, and negligent training and supervision.

The Robinsons' attorney, Robert Karney, testified that on 6 September 2002, he received a letter from defendants' attorney stating that defendants intended to move to dismiss the 2002 lawsuits as duplicative. Karney testified that he replied by fax, noting that a mediation was scheduled for 11 September 2002, but agreeing to amend the 2001 lawsuits and dismiss the 2002 lawsuits if no settlement occurred.

The mediation on 11 September 2002 ended in an impasse. On 13 September 2002, the Robinsons' attorney voluntarily dismissed both the 2001 and 2002 lawsuits pursuant to Rule 41(a). Karney testified that he instructed his secretary to prepare voluntary dismissals of the 2002 lawsuits for his signature, but that she instead prepared dismissals for both the 2001 and the 2002 lawsuits, which Karney then signed. Copies of these dismissals were filed and mailed to defendants' attorney on 13 September 2002, a Friday.

On Monday, 16 September 2002, defendants' attorney served offers of judgment on the Robinsons' attorney. Plaintiff's attorney Karney testified that he subsequently sent a letter referencing the 2001 lawsuits and enclosing subpoenas he intended to serve in support of the 2001 lawsuits.

On 3 February 2003, the Robinsons' attorney filed new lawsuits against Gardner and Pike ("the 2003 lawsuits") that were virtually identical to the 2002 complaints. On 12 February 2003, defendants moved to dismiss the 2003 lawsuits. Defendants argued that the dismissal of the 2001 and 2002 complaints operated as a final adjudication on the merits and barred any further action on the same set of

---

1. Lawrence Robinson also filed a lawsuit on behalf of himself and his late wife's estate. This lawsuit was settled in December 2002 and avoided the procedural morass that gives rise to this appeal.

operative facts under the "two-dismissal" principle of Rule 41(a)(1). On 2 May 2003, the Robinsons filed an opposition to the motion to dismiss and a "Motion for Relief from Judgment," pursuant to Rule 60(b), seeking to set aside the voluntary dismissal of the 2002 lawsuits. On 7 May 2003, Cory and Brenda Robinson filed affidavits in which they said that they had not given consent to dismiss with prejudice their negligent entrustment, negligent hiring and retention, and negligent supervision claims against Pike and that it was their understanding that these claims could be refiled.

The hearing on the parties' motions was scheduled for 15 May 2003. On the day before the hearing, the Robinsons filed the affidavit of their attorney, Robert Karney. At the hearing, the Honorable Jesse B. Caldwell, III, over defendants' objection, considered plaintiffs' Rule 60(b) motion prior to hearing defendants' motion to dismiss. During the course of the hearing, Judge Caldwell, again over defendants' objection, allowed Karney to present his oral testimony in support of the Rule 60(b) motion. Following the hearing, defendants filed two documents with the court entitled "Rebuttal to the Testimony of Robert A. Karney." In his subsequent orders, Judge Caldwell indicated that he did not consider these submissions before ruling.

On 28 May 2003, Judge Caldwell entered an order setting aside the voluntary dismissals of the 2001 lawsuits. Although the Robinsons' motion had requested that the 2002 dismissals be set aside, Judge Caldwell amended the motion to conform to the evidence presented and found (1) that the dismissals of the 2001 lawsuits were inadvertently and mistakenly filed by the Robinsons' attorney and (2) that neither the Robinsons nor the defendants had contemplated dismissal of the 2001 lawsuits. On 12 June 2003, Judge Caldwell filed an additional order denying defendants' motion to dismiss.

Defendants filed notices of appeal on 17 June 2003 from both orders. Because the appeal in Cory Robinson's case and the appeal in Brenda Robinson's case involve identical issues and briefs, we have consolidated the appeals for purposes of hearing and filing our opinion. Plaintiffs have moved to dismiss these appeals as interlocutory.

## Discussion

Defendants contend on appeal that the trial court erred in granting the Robinsons' Rule 60 motion and in denying their motion

to dismiss pursuant to Rule 41(a)(1).[2] Both orders are interlocutory in that they do not "determine the issues but direct[] some further proceeding preliminary to final decree." *Greene v. Charlotte Chem. Labs., Inc.*, 254 N.C. 680, 693, 120 S.E.2d 82, 91 (1961). This Court must, as an initial matter, determine whether the appeal is properly before the Court.

An interlocutory order is immediately appealable in only two circumstances: (1) if the trial court has certified the case for appeal under Rule 54(b) of the Rules of Civil Procedure; and (2) "when the challenged order affects a substantial right of the appellant that would be lost without immediate review." *Embler v. Embler*, 143 N.C. App. 162, 165, 545 S.E.2d 259, 261 (2001). Since Rule 54(b) certification (involving entry of judgment as to some, but not all, claims or parties) is inapplicable to this situation, defendants are entitled to appeal only if the trial court's orders affect a substantial right that would otherwise be lost without immediate review.

Our courts have consistently held that appeals from orders allowing a Rule 60 motion "must be dismissed as interlocutory." *Braun v. Grundman*, 63 N.C. App. 387, 388, 304 S.E.2d 636, 637 (1983) (dismissing appeal of Rule 60(b) order setting aside judgment for surprise and excusable neglect). *See also Bailey v. Gooding*, 301 N.C. 205, 210, 270 S.E.2d 431, 434 (1980) (order setting aside default judgment not immediately appealable); *Metcalf v. Palmer*, 46 N.C. App. 622, 625, 265 S.E.2d 484, 485 (1980) (order setting aside involuntary dismissal not immediately appealable). Similarly, "[a] ruling denying a motion to dismiss pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6) is ordinarily a nonappealable interlocutory order." *Bolton Corp. v. T. A. Loving Co.*, 317 N.C. 623, 629, 347 S.E.2d 369, 373 (1986).

Defendants argue, however, that they are entitled to an immediate appeal under N.C. Gen. Stat. § 1-277(b) (2003), which provides: "Any interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person . . . of the defendant . . . ." Our Supreme Court has, however, narrowly construed N.C. Gen. Stat. § 1-277(b), holding that "the right of immediate appeal of an adverse ruling as to jurisdiction over the person, under [N.C. Gen. Stat. § 1-277(b)], is limited to rulings on

---

2. Rule 41(a)(1) provides that a voluntary dismissal "is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this or any other state or of the United States, an action based on or including the same claim."

'minimum contacts' questions, the subject matter of Rule 12(b)(2)." *Love v. Moore*, 305 N.C. 575, 581, 291 S.E.2d 141, 146 (1982). Since the adverse rulings against defendants in this case are not based on "minimum contacts," they do not give rise to an immediate appeal.

Defendants next argue that operation of Rule 41(a)(1) creates a form of immunity that supports an interlocutory appeal. This Court rejected that contention in *Allen v. Stone*, 161 N.C. App. 519, 588 S.E.2d 495 (2003). In *Allen*, the plaintiff had twice filed and voluntarily dismissed lawsuits. When the plaintiff filed a third suit, the defendant filed a motion to dismiss on the grounds that Rule 41(a)(1) barred the third suit. The trial court denied the motion to dismiss, and the defendant appealed, arguing that "the Rule 41(a)(1) two-dismissal rule creates a 'right to be free from the burdens of litigation' giving rise to a 'conditional immunity from suit,' such that denial of a motion to dismiss grounded on Rule 41(a)(1) likewise affects a substantial right and is immediately appealable." *Id.* at 522, 588 S.E.2d at 497. This Court unambiguously stated: "We decline to adopt defendant's interpretation of Rule 41(a)(1) as creating a 'conditional immunity from suit.' " *Id.* The Court then held: "[W]e discern no substantial right that would be affected absent immediate appellate review. This Court has previously stated that avoidance of a trial, no matter how tedious or unnecessary, is not a substantial right entitling an appellant to immediate review." *Id.*

Despite defendants' attempts to distinguish it, *Allen* controls. While defendants urge that the *Allen* Court did not consider whether the defense of *res judicata*, arising out of the two-dismissal rule, justified an immediate appeal, we disagree. In *Allen, id.* at 522, 588 S.E.2d at 497, the Court specifically relied upon *Country Club of Johnston County, Inc. v. United States Fid. & Guar. Co.*, 135 N.C. App. 159, 519 S.E.2d 540 (1999), *disc. review denied*, 351 N.C. 352, 542 S.E.2d 207 (2000), in which this Court held that an order denying a motion based on the defense of *res judicata* gives rise to a "substantial right" only when allowing the case to go forward without an appeal would present the possibility of inconsistent jury verdicts. *Id.* at 167, 519 S.E.2d at 546. When, however, the prior decision was a summary judgment order, there would be "no possibility of inconsistent verdicts" and no substantial right that could not be vindicated in an appeal from a final judgment. *Id. See also Northwestern Fin. Group, Inc. v. County of Gaston*, 110 N.C. App. 531, 536, 430 S.E.2d 689, 692, *disc. review denied*, 334 N.C. 621, 435 S.E.2d 337 (1993) (holding that the defense of *res judicata* gives rise to a "substantial

**ROBINSON v. GARDNER**

[167 N.C. App. 763 (2005)]

right" only when there is a risk of two actual trials resulting in two different verdicts). *But see Williams v. City of Jacksonville Police Dep't*, 165 N.C. App. 587, 589-90, 599 S.E.2d 422, 426 (2004) ("substantial right" affected when defendants raised defenses of *res judicata* and collateral estoppel based on a prior federal summary judgment decision rendered on the merits).

The present appeal does not involve possible inconsistent jury verdicts or even an inconsistent decision on the merits since, as in *Allen*, there was only a voluntary dismissal that would—if not set aside—result in an adjudication on the merits only by operation of law. There has been no decision by any court or jury that could prove to be inconsistent with a future decision. Defendants do not seek to avoid inconsistent decisions; they seek to avoid any litigation at all. But, as this Court stressed in *Allen*, mere "avoidance of a trial . . . is not a substantial right entitling an appellant to immediate review." *Allen*, 161 N.C. App. at 522, 588 S.E.2d at 497.

Defendants have not demonstrated the existence of any substantial right that would qualify them for immediate appeal. Moreover, defendants have neither filed a petition for writ of certiorari nor identified any reason that would warrant this Court's exercising its discretion to hear this appeal under Rule 21 of the Rules of Appellate Procedure. We, therefore, allow plaintiffs' motions to dismiss the appeals.

Dismissed.

Judges LEVINSON and THORNBURG concur.

Judge THORNBURG concurred prior to 31 December 2004.