SADIE MARTIN, Plaintiff
v.
SAMUEL AKURANG, Defendant.
No. COA08-148
Court of Appeals of North Carolina
Filed July 15, 2008
This case not for publication
Robert N. Weckworth, Jr. for plaintiff-appellee.
Burton & Sue, LLP, by Gary K. Sue and Stephanie W. Anderson, for defendant-appellant.
MARTIN, Chief Judge.
Defendant appeals from an order allowing the trial court's own motion for relief from judgment pursuant to North Carolina Rule of Civil Procedure 60(b). Because we conclude that defendant's appeal is from an interlocutory order not properly before us, it is dismissed.
On 27 August 2004, plaintiff-appellee, Sadie Martin, ("plaintiff") filed a complaint in the Superior Court of Guilford County against defendant-appellant, Samuel Akurang, ("defendant") alleging negligence in connection with a 29 August 2001 motor vehicle accident. While a summons was issued on the same date, it was never served on defendant. Thereafter, several alias and pluries summons were issued between the dates of 25 October 2004 and 23 February 2007, none of which were successfully served.
Defendant filed an answer to the complaint on 27 July 2006 asserting the defenses of statute of limitations and intervening and superceding negligence. In addition, defendant moved to dismiss the complaint based on plaintiff's failure to properly serve the defendant, or for failure to secure proper endorsement or alias and pluries summons. On 28 March 2007, the defendant filed a motion to dismiss on the grounds that one of the alias and pluries summons had been untimely issued. On 21 April 2007, defendant was finally served.
Following a 7 June 2007 hearing, the trial court entered an order granting the motion to dismiss, but almost immediately thereafter entered a second order, ex mero motu, relieving plaintiff of the order allowing the motion to dismiss pursuant to North Carolina Rule of Civil Procedure 60(b)(1) and (6). As the basis for its decision, the trial court found that the plaintiff had excusably relied upon an obscured date on one of the alias and pluries summons in determining when the next summons must be issued.
On 23 July 2007, defendant moved to amend the Rule 60 order to include certification of the Rule 60 order for immediate appeal pursuant to N.C.R. Civ. P. 54(b). The trial court allowed the motion to amend. Defendant's appeal of the Rule 60 order is now before us. As our Supreme Court has held, "[g]enerally, there is no right of immediate appeal from interlocutory orders and judgments." Goldston v. Am. Motors Corp., 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). We recognize that, in some circumstances, a party may appeal an interlocutory order where the trial court has certified the case for appeal under Rule 54(b) of the Rules of Civil Procedure or when the challenged order affects a substantial right which would be lost without immediate review. N.C. Gen. Stat. § 1A-1, Rule 54(b) (2007); see Embler v. Embler, 143 N.C. App. 162, 164-65, 545 S.E.2d 259, 261 (2001). In this case, the trial court did purport to certify the case pursuant to Rule 54(b). However, this certification was improperly granted given that Rule 54(b) applies only in cases where the trial court has entered judgment as to some, but not all, claims or parties . N.C. Gen. Stat. § 1A-1, Rule 54(b) (2007).
Further, we do not ascertain any substantial right affected by the trial court's order in this case. While the right to avoid two trials on the same issue has been cited as a substantial right sufficient to support an interlocutory appeal, Green v. Duke Power Co., 305 N.C. 603, 606, 290 S.E.2d 593, 595 (1982), the claims in this case have yet to be tried. The "avoidance of a trial . . . is not a substantial right entitling an appellant to immediate review." Allen v. Stone, 161 N.C. App. 519, 522, 588 S.E.2d 495, 497 (2003).
Moreover, in Robinson v. Gardner, 167 N.C. App. 763, 606 S.E.2d 449, rev. denied, 359 N.C. 322, 611 S.E.2d 417 (2005), this Court specifically discussed the immediate appeal of a Rule 60(b) order:
Our courts have consistently held that appeals from orders allowing a Rule 60 motion "must be dismissed as interlocutory." Braun v. Grundman, 63 N.C. App. 387, 388, 304 S.E.2d 636, 637 (1983) (dismissing appeal of Rule 60(b) order setting aside judgment for surprise and excusable neglect). See also Bailey v. Gooding, 301 N.C. 205, 210, 270 S.E.2d 431, 434 (1980) (order setting aside default judgment not immediately appealable); Metcalf v. Palmer, 46 N.C. App. 622, 625, 265 S.E. 2d 484, 485 (1980) (order setting aside involuntary dismissal not immediately appealable). Similarly, "[a] ruling denying a motion to dismiss pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6) is ordinarily a non appealable interlocutory order." Bolton Corp. v. T.A. Loving Co., 317 N.C. 623, 629, 347 S.E.2d 369, 373 (1986).
Id. at 767, 606 S.E.2d at 452 (alteration in original). Accordingly, we conclude that defendant has no right of an immediate appeal from the trial court's Rule 60(b) order and this appeal is dismissed.
Dismissed.
Judges CALABRIA and STROUD concur.
Report per Rule 30(e).