An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-621

NORTH CAROLINA COURT OF APPEALS

Filed: 20 May 2014

ROBERT KING, ANN KING, MARGARET
WHALEY and A. WILLIAM KING,
     Plaintiffs,

v.                                       Pender County
                                         No. 07 CVS 617

ROBERT ORR and MARIANNE ORR,
     Defendants.


ROBERT KING, ANN KING, MARGARET
WHALEY, A. WILLIAM KING, FLORA
REINHOLD, LAWRENCE REINHOLD,
ELBERT CHRISTIAN, NEBBE DONALDSON,
SYLVIA SANDERS, ROSALYN KING,
ASHLEY W. KING, JEFFREY THOMAS
KING, MICHAEL WILLIAM KING,
ELIZABETH KING, and BRENDAN THOMAS
KING,
     Plaintiffs,

v.                                       Pender County
                                         No. 05 SP 144-146

ROBERT ORR and MARIANNE ORR,
     Defendants.


Appeal by plaintiffs from order entered 20 December 2012 by Judge Phyllis M. Gorham in Pender County Superior Court. Heard in the Court of Appeals 24 October 2013.

*Shipman & Wright, LLP, by W. Cory Reiss, for plaintiffs-appellants.*

*Murchison, Taylor & Gibson, PLLC, by Andrew K. McVey, for defendants-appellees.*

GEER, Judge.

Plaintiffs Robert King, Ann King, Margaret Whaley, and A. William King (collectively "the Kings") appeal from an order denying in part their motion for a preliminary injunction. Recognizing that this appeal is interlocutory, plaintiffs argue that the order -- which denies their right to erect a fence of their own choosing around a family cemetery located on defendants' property and denies the Kings other than Ms. Whaley use of a 60-foot easement to access the cemetery -- is immediately appealable because it raises issues of collateral estoppel, res judicata, and the law of the case.

Our appellate courts have recognized that appeals involving those doctrines may affect a substantial right so as to warrant an interlocutory appeal, but only when a refusal to allow the appeal could give rise to duplicative litigation with potentially inconsistent results. In this case, however, plaintiffs have failed to show that there is a possibility of inconsistent results absent immediate appeal. Because plaintiffs have failed to establish any other basis for appellate jurisdiction over this interlocutory order, we dismiss the appeal.

Facts

This appeal arises out of a long-standing dispute concerning the King family cemetery that is located on the property of defendants Robert and Marianne Orr. Although a more detailed factual background may be found in *King v. Orr*, 209 N.C. App. 750, 709 S.E.2d 602, 2011 WL 532295, 2011 N.C. App. LEXIS 221 (2011) (unpublished) ("*King I*"), *disc. review denied*, 365 N.C. 201, 710 S.E.2d 16 (2011), we summarize the facts and procedural history pertinent to this appeal.

Defendants' property constitutes one tract of a much larger parcel of land that at one time in the early 1900s was owned by A.D. King and has since been divided among his heirs or otherwise sold. Defendants purchased their property in 1990 pursuant to a general warranty deed referencing the "Thompson Map," which marked the outline of the cemetery on the property. The cemetery lies within defendants' yard not far from their house.

Defendants maintained the cemetery and allowed plaintiffs to visit the cemetery without incident for 14 years. In 2004, however, the fence surrounding the cemetery fell into disrepair and a dispute arose between defendants and plaintiffs concerning the type of fence to be erected around the cemetery. As a

result of the dispute, defendants withdrew their consent for plaintiffs to visit the cemetery.

On 27 June 2005, plaintiffs filed a complaint initiating a special proceeding before the clerk of court (the "special proceeding"), pursuant to N.C. Gen. Stat. § 65-75 (2005),[1] seeking an order allowing plaintiffs to enter defendants' property to restore, maintain, and visit the cemetery, and to be allowed to erect a suitable fence around the cemetery.

On 2 July 2007, plaintiffs filed another complaint ("the civil action"), seeking injunctive relief and a declaratory judgment, as well as asserting alternative claims for breach of contract and an action to quiet title. The complaint alleged that defendants bought their property subject to several property interests of plaintiffs including (1) a 60-foot easement running along the edge of defendants' property leading to the cemetery, (2) a 12-foot road exception running along the western edge of defendants' property to a point in Topsail Sound known as Eden's Landing, and (3) the statutory rights of plaintiffs to access the cemetery. The complaint further alleged that defendants had erected a gate preventing plaintiffs from using the 60-foot easement and the 12-foot exception and sought a permanent injunction ordering defendants to remove the

_____

[1]This provision was repealed in 2007 and is now found in N.C. Gen. Stat. § 65-102 (2013).

gate and enjoining and restraining defendants from interfering with plaintiffs' use of the easements and access to the cemetery.

On 21 November 2007, the clerk of court entered an order in the special proceeding finding that each of the plaintiffs was a direct lineal descendant of at least one person interred in the cemetery and granting plaintiffs the right to restore, maintain, and/or visit the cemetery, subject to certain restrictions. The order limited the Kings' access to the cemetery to the public roads until such time as the Kings' rights to the easement and the 12-foot road exception were finally determined in the civil action. Neither party appealed from the clerk of court's order.

Thereafter, litigation in the civil action continued and, upon cross-motions by the parties for summary judgment, the trial court entered an order on 7 August 2009 granting summary judgment in favor of plaintiffs. The order found that defendants took title to their property subject to the 60-foot easement and the 12-foot road exception. The order concluded that (1) plaintiffs were entitled to use the 60-foot easement to access the cemetery, (2) plaintiffs Robert King, Ann King, and Margaret Whaley had the right to use the 12-foot exception to access Eden's Landing, (3) the boundaries of the cemetery were established by the "Orr Map" (referred to as the "Thompson Map"

in *King I* and in this opinion), and (4) defendants were enjoined from interfering with plaintiffs' access to the 60-foot easement or the 12-foot exception.

Defendants appealed the order, and this Court affirmed in part and reversed and remanded in part in an opinion filed on 15 February 2011. *King I*, 2011 WL 532295 at *10, 2011 N.C. App. LEXIS 221 at *26. Regarding the 60-foot right-of-way easement, *King I* noted that "Margaret Whaley took title to Tract Five by virtue of a deed which contained an explicit reference to the Estate map[,]" which clearly depicted the 60-foot right-of-way easement. *Id.*, 2011 WL 532295 at *7, 2011 N.C. App. LEXIS 221 at *19. Accordingly, this Court affirmed the summary judgment order as to Margaret Whaley's rights to the 60-foot easement. *Id.*, 2011 WL 532295 at *9, 2011 N.C. App. LEXIS 221 at *25. However, the Court concluded that Robert King, Ann King, and A. William King were not entitled to use the 60-foot right-of-way easement because they did not own any property within the area platted and recorded in the Estate Map, they were consequently simply members of the public with respect to the right-of-way, and the right-of-way was not dedicated to the public. *Id.*, 2011 WL 532295 at *8, 2011 N.C. App. LEXIS 221 at *21-22. However, this Court remanded for a determination regarding whether the

Kings had acquired an easement by implication. *Id.*, 2011 WL 532295 at *9, 2011 N.C. App. LEXIS 221 at *23.

As for the 12-foot exception, *King I* held that there was a genuine question of material fact as to ownership of the 12-foot exception because defendants had presented evidence that called into question whether the 12-foot exception referenced in a 1932 deed was the same real property described in defendants' deed. *Id.*, 2011 WL 532295 at *6, 2011 N.C. App. LEXIS 221 at *15. Therefore, *King I* remanded this case "to make a proper determination as to whether the 1932 deed and the twelve foot exception are, in fact, the same real property that was later divided in the Estate map, as well as findings regarding what happened with that real property prior to Defendants taking title to Tract Six." *Id.* This Court also noted that without knowing who owned the 12-foot exception, it could not address plaintiffs' alternative arguments that they obtained easements in the 12-foot exception by prescription or by implication from prior use. *Id.*, 2011 N.C. App. LEXIS 221 at *16.

Finally, the Court affirmed the order as to the boundaries of the cemetery. *Id.*, 2011 WL 532295 at *9, 2011 N.C. App. LEXIS 221 at *25. This Court concluded that the Thompson map was controlling as to the cemetery boundaries and that all the plaintiffs are entitled to enjoin the removal of the fence or

interference with any portion of the cemetery. *Id.*, 2011 WL 532295 at *9, 2011 N.C. App. LEXIS 221 at *23-*25. Our Supreme Court denied defendants' petition for discretionary review on 15 June 2011. *King v. Orr*, 365 N.C. 201, 710 S.E.2d 16 (2011).

The record does not show that either party took any action to proceed to trial on the issues as remanded by this Court, and the issues remain pending as of this appeal. Instead, on 1 September 2011, plaintiffs Robert King and A. William King went to defendants' property to stake out the 60-foot easement to the cemetery. They purported to be acting as agents of Ms. Whaley, but when they did not offer anything to substantiate their claim of authority to act as Ms. Whaley's agent, Ms. Orr, with the help of a deputy sheriff of the Pender County Sheriff's Office, directed the Kings to leave.

On 13 February 2012, the clerk of court, *sua sponte*, ordered that the special proceeding be transferred to the superior court to be adjudicated with all outstanding issues of the civil action. In addition, in the spring of 2012, defendants contacted the Pender County Board of Commissioners ("the Board") to request its consent to allow defendants to disinter the graves and remove the cemetery pursuant to N.C. Gen. Stat. § 65-106 (2011). A public hearing on defendants' request to the Board was scheduled for 21 May 2012.

On 9 May 2012, plaintiffs filed a motion for a preliminary injunction in the civil action (1) to allow a surveyor to stake out a 60-foot easement and cemetery boundary in accordance with *King I*, (2) to allow plaintiffs to place a fence around the cemetery boundary as shown by the Thompson Map, and (3) to increase visiting hours to two hours. A hearing on this motion was held before Judge Erwin Spainhour on 21 May 2012, the same day as the public hearing before the Pender County Board of Commissioners. Judge Spainhour deferred ruling on the motion until after the Board of Commissioners made a decision on whether to grant defendants' request to move the cemetery.

At the public hearing, the Board deferred their decision on whether to grant consent to disinter for two months to allow the parties time to settle the dispute on their own. When the parties were unable to reach an agreement, the Board, in July 2012, granted consent for defendants to disinter the cemetery.

On 2 August 2012, plaintiffs filed a motion for an order to show cause and notice of hearing for civil contempt. The motion alleged that defendants had violated the 27 November 2007 special proceeding order and the 7 August 2009 civil action summary judgment order, to the extent affirmed by the Court of Appeals, by (1) applying for and receiving consent from the

Board to remove the cemetery and (2) having Robert King and A. William King removed from their property.

On 10 August 2012, plaintiffs filed an additional action, 12 CVS 794, in which they petitioned the superior court for writ of certiorari to review the decision of the Board, and, in the alternative, a request for a declaratory judgment. On 13 August 2012, the clerk of court transferred plaintiffs' petition to the Superior Court. On 28 August 2012, plaintiffs filed a motion for a preliminary injunction in this new action, 12 CVS 794, seeking to enjoin defendants from disinterring the cemetery.

On 17 September 2012, Judge Phyllis Gorham heard plaintiffs' motion for preliminary injunction in the civil action and the parties' motions for and against granting the petition for writ of certiorari in 12 CVS 794. On 20 December 2012, the trial court entered an order denying the Kings' petition for writ of certiorari, concluding that "the action of the Commissioners is not quasi-judicial and therefore not properly subject to review pursuant to the statutory authorities cited by Plaintiffs in their Petition[.]" Plaintiffs appealed the 20 December 2012 order in a separate appeal, *King v. Pender Cnty.*, ___ N.C. App. ___, ___ S.E.2d ___, COA13-618 (2014). In a separate opinion filed contemporaneously with this opinion, we have dismissed the appeal as interlocutory because plaintiffs'

claim for a declaratory judgment and their motion for preliminary injunction are still pending.

On 20 December 2012, the trial court entered an order granting in part and denying in part plaintiffs' motion for a preliminary injunction that was filed in this case (as opposed to the motion filed in 12 CVS 794). The order recognized that defendants had obtained permission from the Board to relocate the cemetery from the Orr property and that the subject matter of the order would be mooted in the event the cemetery were to be relocated. The order, therefore, stated that it "addresses the rights of the parties until such time as the cemetery is relocated, without prejudice to the rights of the Defendants to completion of the relocation of the cemetery in accordance with N.C. Gen. Stat. § 65-106."

The order concluded that (1) plaintiffs are entitled to stake out the boundaries of the cemetery pursuant to the Thompson Map; (2) plaintiffs are not entitled to erect a fence of their own choosing on the boundary of the cemetery; (3) Margaret Whaley is entitled to stake out and use the 60-foot easement as depicted in the Estate Map but not the Thompson Map; and (4) plaintiffs Robert King, Ann King, and A. William King are not entitled to use the 60-foot easement.

In addition, the trial court ordered defendants to allow surveyors to access their property for the purposes of surveying the cemetery boundaries as depicted on the Thompson Map and the 60-foot easement as depicted on the Estate Map and also to allow Margaret Whaley to clear and use the easement. The order reaffirmed plaintiffs' right to access the cemetery via Willwood Lane and Willwood Lane Extension, as provided in the special proceeding order, for as long as the cemetery remained located on defendants' property. Finally, the order stated that "[a]s to the remaining issues raised by the Motions, the Motions are denied." Plaintiffs appealed the order to this Court.

## Discussion

We must first address whether this Court has jurisdiction to hear this appeal. Plaintiffs concede that the denial of a motion for preliminary injunction is interlocutory. "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950).

"Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). However,

> immediate appeal of interlocutory orders and judgments is available in at least two instances. First, immediate review is available when the trial court enters a final judgment as to one or more, but fewer than all, claims or parties and certifies there is no just reason for delay [under Rule 54(b) of the Rules of Civil Procedure]. . . . Second, immediate appeal is available from an interlocutory order or judgment which affects a substantial right.

*Sharpe v. Worland*, 351 N.C. 159, 161-62, 522 S.E.2d 577, 579 (1999) (internal quotation marks omitted). "[I]t is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal[.]" *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994).

Because Rule 54(b) does not apply to this type of order, plaintiffs contend that jurisdiction is appropriate under the substantial right exception. They contend, citing *N.C. Farm P'ship v. Pig Improvement Co.*, 163 N.C. App. 318, 593 S.E.2d 126 (2004), and *McCallum v. N.C. Coop. Extension Serv. of N.C. State Univ.*, 142 N.C. App. 48, 542 S.E.2d 227 (2001), that a substantial right is affected because the appeal raises the issues of collateral estoppel, res judicata, and the law of the case.

In *McCallum*, this Court held that denial of a defendant's motion for summary judgment based on the defense of res judicata

may be immediately appealed because it "raises the possibility that a successful defendant will twice have to defend against the same claim by the same plaintiff, in frustration of the underlying principles of claim preclusion." *Id.* at 51, 542 S.E.2d at 231. The same rationale applies to appeals that raise the issue of collateral estoppel:

> Like *res judicata*, collateral estoppel (issue preclusion) is designed to prevent repetitious lawsuits over matters which have once been decided and which have remained substantially static, factually and legally. Under collateral estoppel, parties are precluded from retrying fully litigated issues that were decided in any prior determination, even where the claims asserted are not the same. The denial of summary judgment based on collateral estoppel, like *res judicata*, may expose a successful defendant to repetitious and unnecessary lawsuits.

*Id.* (internal citations and quotation marks omitted). *N.C. Farm Partnerships*, applying *McCallum*, held that a denial of a preliminary injunction affected a substantial right and was immediately appealable when an Iowa court had previously granted a preliminary injunction in favor of appellants, who argued, albeit ultimately unsuccessfully, that the trial court was bound by the Iowa injunction under the doctrine of collateral estoppel. 163 N.C. App. at 321, 593 S.E.2d at 129.

This Court has clarified, however, that not every appeal raising an issue of res judicata or collateral estoppel is

necessarily immediately appealable. *Country Club of Johnston Cnty., Inc. v. U.S. Fid. & Guar. Co.*, 135 N.C. App. 159, 166, 519 S.E.2d 540, 545 (1999). Rather, a substantial right is affected "so as to permit immediate appeal only 'where a possibility of inconsistent verdicts exists if the case proceeds to trial.'" *Id.* at 167, 519 S.E.2d at 546 (quoting *Cmty. Bank v. Whitley*, 116 N.C. App. 731, 733, 449 S.E.2d 226, 227 (1994)). *See also Heritage Operating, L.P. v. N.C. Propane Exch., LLC*, ___ N.C. App. ___, ___, 727 S.E.2d 311, 316 (2012) (applying *Country Club* and dismissing appeal as interlocutory where "there is no possibility of a verdict in the instant case being inconsistent with any previous judicial determinations").[2]

Thus, mere invocation of the doctrines of res judicata and collateral estoppel is not sufficient to establish the existence of a substantial right that would be lost in the absence of an immediate appeal. The appellant must show that, *as a result of dismissal of the interlocutory appeal*, the parties would be subject to relitigation of previously determined matters that would give rise to a risk of inconsistent verdicts or judicial determinations. Plaintiffs have failed to make the necessary showing. Contrary to the cases allowing interlocutory appeals

___

[2]As for the doctrine of law of the case, plaintiffs have not cited, and we have not found, any North Carolina cases holding that interlocutory orders raising law of the case issues may affect a substantial right.

based on res judicata or collateral estoppel, in this case, "[t]here has been no decision by any court or jury that could prove to be inconsistent with a *future* decision." *Robinson v. Gardner*, 167 N.C. App. 763, 769, 606 S.E.2d 449, 453 (2005) (emphasis added).

Instead, this Court anticipated that the parties would resolve the remaining issues on remand. Plaintiffs have not pursued a final judgment in which the trial court would comply with this Court's mandate by addressing the outstanding issues. Instead, plaintiffs sought themselves to relitigate issues that they claim were resolved on appeal through the use of a motion for a preliminary injunction. The mandate in *King I* did not anticipate that this litigation would proceed in this piecemeal fashion with no final resolution.

By appealing the interlocutory preliminary injunction order, plaintiffs seek immediate relief from the trial court's application of *King I*. Whether or not immediate review of the motion for preliminary injunction is granted, the issues remanded by this Court in *King I* remain pending and will need to be resolved at trial. Plaintiffs provide no explanation why they could not proceed as directed by this Court, obtain a final judgment, and then seek review from this Court of all of the trial court's rulings in one appeal.

Plaintiffs do not and cannot contend that the issues to be decided at that trial have already been decided and would subject plaintiffs to relitigation. The relief sought by plaintiffs in this appeal does not have any effect on the pending issues on remand, which are concerned with establishing plaintiffs' property rights in the easement and 12-foot exception without regard to any rights of plaintiffs pursuant to the special proceeding order. Therefore, immediate review is not required to protect the parties from relitigation of issues already decided, so plaintiffs have failed to meet their burden of showing the existence of a substantial right warranting immediate appeal. *See also Cmty. Bank*, 116 N.C. App. at 733, 449 S.E.2d at 227 (dismissing appeal as interlocutory because facts of case would not lead to "possibility of inconsistent verdicts").

Plaintiffs also argue, citing *Mills v. Carolina Cemetery Park Corp.*, 242 N.C. 20, 27, 86 S.E.2d 893, 898 (1955), that the appeal affects plaintiffs' substantial right to protect family graves. Although protecting the graves may be a substantial right, plaintiffs have not shown that this right would be lost in the absence of an immediate appeal of the denial of the motion for preliminary injunction in this case.

Plaintiffs contend that immediate review is necessary because defendants have obtained permission from the Board to disinter and remove the graves from their property. However, in ruling on the motion for a preliminary injunction in this action, the trial court did not address whether defendants could legally disinter and remove the cemetery from their property. Consequently, if we were to address the merits of this appeal, nothing in the opinion would resolve the question whether defendants may move the cemetery, which is the basis for plaintiffs' claim of a substantial right.

That question is, however, the subject of the 2 August 2012 motion for civil contempt, the motion for a preliminary injunction filed in 12 CVS 794, and the petition for writ of certiorari and request for a declaratory judgment. Although the trial court denied the petition for writ of certiorari, the declaratory judgment action, the motion for contempt, and the motion for a preliminary injunction all remain pending.

In sum, plaintiffs have failed to demonstrate the existence of a substantial right that would be lost absent an immediate appeal of the interlocutory order. Plaintiffs' appeal is, therefore, dismissed.

Dismissed.

Judges STEPHENS and ERVIN concur.

Report per Rule 30(e).