NO. COA14-329

NORTH CAROLINA COURT OF APPEALS

Filed: 21 October 2014

SUZANNE DAVIS CAMPBELL,
     Plaintiff,

     v.                              Forsyth County
                                     No. 13 CVD 3111
WILLIAM TAYLOR CAMPBELL, III,
     Defendant.


Appeal by plaintiff from order entered 21 October 2013 by Judge William B. Reingold in Forsyth County District Court. Heard in the Court of Appeals 11 September 2014.


> *Allman Spry Davis Leggett & Crumpler, P.A., by Joslin Davis, Loretta C. Biggs and Anna E. Warburton, for plaintiff-appellant.*

> *Wilson, Helms & Cartledge, LLP, by Gray Wilson and Lorin J. Lapidus, and Morrow, Porter, Vermitsky & Fowler, PLLC, by John F. Morrow, Sr. and John C. Vermitsky, for defendant-appellee.*


DIETZ, Judge.


Plaintiff Suzanne Davis brings this interlocutory appeal from the trial court's order vacating her judgment of absolute divorce under Rule 60(b) of the Rules of Civil Procedure. The trial court, exercising its discretion under Rule 60(b), set aside Ms. Davis' divorce judgment so that her ex-husband William

Campbell could assert a belated claim for equitable distribution.

This Court has held that an appeal from a trial court order setting aside an absolute divorce judgment "is interlocutory and subject to dismissal." *See Baker v. Baker*, 115 N.C. App. 337, 339, 444 S.E.2d 478, 480 (1994). Applying this precedent, our Court recently granted a motion to dismiss for lack of appellate jurisdiction in an appeal with facts nearly identical to those presented here. *See Steele v. Steele*, No. COA 14-231 (N.C. App. 2014). Mr. Campbell did not file a motion to dismiss this appeal, but we are obliged to review our own jurisdiction in every case. We hold that, although there may be factual circumstances in which the grant of a Rule 60(b) motion setting aside a divorce judgment affects a substantial right, Ms. Davis did not make a sufficient showing in this case. Accordingly, we dismiss this appeal for lack of jurisdiction.

## Factual Background

After a decade of marriage, Plaintiff Suzanne Davis and Defendant William Campbell separated on 11 May 2012. On 16 November 2012, Ms. Davis filed a complaint for equitable distribution, among other claims. Mr. Campbell filed an answer and counterclaim in that action, but mistakenly failed to assert

his own claim for equitable distribution. Both parties engaged in several months of vigorous discovery and motions practice on the issue of equitable distribution.

On 13 May 2013, Ms. Davis filed a separate complaint for absolute divorce and to resume use of her maiden name. On 1 July 2013, the trial court granted Ms. Davis' unopposed motion for summary judgment on that absolute divorce claim.

At some point during this process, Ms. Davis determined that it was no longer in her interests to pursue equitable distribution, although neither party's brief explains precisely why this was so. Just over a month after obtaining her absolute divorce judgment, Ms. Davis voluntarily dismissed her equitable distribution claim. Under North Carolina law, the entry of an absolute divorce judgment bars any new claims for equitable distribution. *See* N.C. Gen. Stat. § 50-11(e) (2013). As a result, although Mr. Campbell still desired to complete the equitable distribution process, Ms. Davis' voluntary dismissal of her own claim (the only pending equitable distribution claim) permanently ended all equitable distribution litigation.

Mr. Campbell promptly filed a motion to set aside the divorce judgment under Rule 60(b) of the Rules of Civil Procedure. He contended that his failure to timely assert his

own claim for equitable distribution before entry of the absolute divorce judgment was the result of excusable neglect. Specifically, he asserted that, at the time he filed his initial counterclaim in the equitable distribution action, his counsel had recently given birth to a premature baby who weighed less than two pounds. The child was hospitalized with life-threatening conditions through much of this litigation. Mr. Campbell argued that he instructed his counsel to file a claim for equitable distribution and that his counsel, distracted by her newborn's medical needs, mistakenly thought she had done so.

On 21 October 2013, the trial court granted Mr. Campbell's Rule 60(b) motion in an order containing detailed findings of fact and conclusions of law. The court set aside the absolute divorce judgment and ordered Mr. Campbell to file an answer and counterclaim for equitable distribution within 30 days. Ms. Davis appealed the trial court's order that same day. This Court allowed Ms. Davis' petition for a writ of supersedeas and stayed the trial court's Rule 60(b) order pending disposition of this appeal.

**Analysis**

Ordinarily, this Court hears appeals only after entry of a final judgment that leaves nothing further to be done in the

trial court.  *See Steele v. Hauling Co.,* 260 N.C. 486, 491, 133 S.E.2d 197, 201 (1963).  An interlocutory order entered before final judgment is immediately appealable "in only two circumstances: (1) if the trial court has certified the case for appeal under Rule 54(b) of the Rules of Civil Procedure; and (2) when the challenged order affects a substantial right of the appellant that would be lost without immediate review." *Robinson v. Gardner*, 167 N.C. App. 763, 767, 606 S.E.2d 449, 452 (2005) (quotation marks omitted).

The trial court's Rule 60(b) order in this case is a textbook example of a non-final, interlocutory order; it took an otherwise final judgment and re-opened it, requiring "further action by the trial court in order to settle and determine the entire controversy."  *Veazey v. City of Durham,* 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950); *see also Metcalf v. Palmer*, 46 N.C. App. 622, 624, 265 S.E.2d 484, 484 (1980) (holding that orders granting a Rule 60(b) motion are, by their nature, interlocutory).  Thus, the trial court's order in this case is appealable only if it is properly certified under Rule 54(b) or if it affects a substantial right.

Ms. Davis first asserts that the trial court's order is appealable because "[t]he trial court entered a Certification of

Order for Immediate Appeal" under Rule 54(b) in this case. And, indeed, the trial court entered an order in this case entitled "Certification of Order for Immediate Appellate Review." That order purports to authorize an immediate appeal under Rule 54(b) of the Rules of Civil Procedure.

But Rule 54(b) does not apply here. Under Rule 54(b), a trial court may certify a case for immediate appeal when it enters "a final judgment as to one or more but fewer than all of the claims or parties" in the case. *See* N.C. Gen. Stat. § 1A-1, Rule 54(b). The Rule 60(b) order from which Ms. Davis appeals did not enter a final judgment on some but not all claims; rather, it set aside an earlier final judgment under Rule 60(b), re-opening the case in its entirety. Thus, the trial court's order could not properly be certified under Rule 54(b).

It is well-settled that the trial court's mistaken certification of a non-final order under Rule 54(b) is ineffective and does not confer appellate jurisdiction on this Court. *See*, *e.g.*, *First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 248, 507 S.E.2d 56, 61 (1998). Accordingly, we reject Ms. Davis' argument that her appeal is properly before us based on the trial court's improper Rule 54(b) certification.

Next, Ms. Davis asserts that the trial court's Rule 60(b) order affects a substantial right. This Court, and our Supreme Court, repeatedly have held that Rule 60(b) motions setting aside the entry of summary judgment (as happened here) do *not* affect a substantial right. *See*, *e.g.*, *Waters v. Qualified Pers., Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 344 (1978); *Braun v. Grundman*, 63 N.C. App. 387, 388, 304 S.E.2d 636, 637 (1983); *Robinson v. Gardner*, 167 N.C. App. 763, 768, 606 S.E.2d 449, 452 (2005). In *Baker*, this Court acknowledged that an appeal from a "trial court's order setting aside the judgment of absolute divorce and permitting defendant to file her answer and counterclaim for equitable distribution" was "interlocutory and subject to dismissal." 115 N.C. App. at 339, 444 S.E.2d at 480. Relying on this precedent, this Court recently dismissed an appeal from a Rule 60(b) order in an absolute divorce case involving facts nearly identical to both *Baker* and the present case. *See Steele v. Steele*, No. COA 14-231 (N.C. App. 2014).

Ms. Davis argues that this precedent is not controlling because the trial court's Rule 60(b) order is "analogous" to the denial of a motion based on collateral estoppel, which affects a substantial right. *See Hillsboro Partners LLC v. City of Fayetteville*, ___ N.C. App. ___, ___, 738 S.E.2d 819, 823

(2013). This is so, according to Ms. Davis, because of the effect of Section 50-11(e) of the General Statutes. Section 50-11(e) states that "[a]n absolute divorce obtained within this State shall destroy the right of a spouse to equitable distribution . . . unless the right is asserted prior to judgment of absolute divorce." N.C. Gen. Stat. § 50-11(e) (2013). Ms. Davis argues that the trial court's Rule 60(b) order is immediately appealable because, as a consequence of § 50-11(e) and the entry of her absolute divorce judgment, Mr. Campbell was "effectively collaterally estopped as a matter of law from asserting a new equitable distribution claim."

We cannot accept this argument because it ignores *why* our appellate courts hold that denial of a motion based on collateral estoppel affects a substantial right. Collateral estoppel is intended to "prevent repetitious lawsuits." *Turner v. Hammocks Beach Corp.*, 363 N.C. 555, 558, 681 S.E.2d 770, 773 (2009). It ensures that parties (or those in privity) are not forced to re-litigate issues that were fully litigated and actually determined in previous legal actions. *Id.* Our appellate courts have concluded that an order denying a motion based on collateral estoppel is immediately appealable because

"parties have a substantial right to avoid litigating issues that have already been determined by a final judgment." *Id.*

That is not the situation here. The trial court's order will not force Ms. Davis to re-litigate equitable distribution issues that already were determined by a court in an earlier proceeding. Indeed, in the only similar proceeding between the parties, Ms. Davis voluntarily dismissed her equitable distribution claim, preventing the trial court from determining that issue on the merits.

In effect, Ms. Davis argues not that she is compelled to re-litigate an issue previously determined by a court, but instead that she must fully litigate—for the first time—an issue that she thought was precluded by the judgment she obtained. But that argument can be made in virtually every Rule 60(b) case and our appellate courts have long rejected it as a basis for immediate appeal. *See Waters*, 294 N.C. at 208, 240 S.E.2d at 344; *Robinson*, 167 N.C. App. at 768, 606 S.E.2d at 452. In short, because no court has yet adjudicated the parties' equitable distribution claim, Ms. Davis cannot rely on our collateral estoppel precedent to immediately appeal the trial court's Rule 60(b) order.

Ms. Davis also argues that the trial court's order results in "the possibility of having to litigate two separate equitable distribution cases on the same claims with inconsistent verdicts." But Ms. Davis voluntarily dismissed her own equitable distribution claim after obtaining her absolute divorce judgment—meaning there was no verdict on that claim. *See* N.C. Gen. Stat. § 1A-1, Rule 41(a) (dismissal without prejudice is not "an adjudication upon the merits"). Simply put, the trial court's Rule 60(b) order does not expose Ms. Davis to the risk of a second, inconsistent equitable distribution verdict because there was never a first equitable distribution verdict.

Finally, Ms. Davis argues that she might "be forced to take steps to invalidate the true representations she has made in reliance on the Divorce Judgment to establish herself as a single individual." But she does not explain how changing those "true representations" about her marital status would rise to the level of affecting a substantial right. From this record, it is impossible to tell whether this would be a complicated process or something as simple as filling out some additional paperwork. As this Court has repeatedly held, "[i]t is not the duty of this Court to construct arguments for or find support

for appellant's right to appeal from an interlocutory order; instead, the appellant has the burden of showing this Court that the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits." *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994).

Moreover, Ms. Davis has provided no reason why she could not renew her motion for entry of the absolute divorce judgment as soon as Mr. Campbell asserts his claim for equitable distribution. The trial court already considered and granted that motion once before, and likely would do so promptly a second time. Thus, the time period in which Ms. Davis would be deprived of her previously entered divorce judgment likely would be exceedingly short. Ms. Davis offers no evidence or argument to the contrary. Accordingly, we hold that Ms. Davis "has not met [her] burden of showing this Court that the order deprives [her] of a substantial right." *Allen v. Stone*, 161 N.C. App. 519, 522, 588 S.E.2d 495, 497 (2003).

In dismissing this appeal, we do not suggest that *no* litigant can satisfy the substantial rights test in similar circumstances. We can imagine a number of specific factual circumstances in which a Rule 60(b) motion setting aside a

judgment for absolute divorce, and effectively remarrying the parties, might affect a substantial right. But "[t]he extent to which an interlocutory order affects a substantial right must be determined on a case-by-case basis." *Hamilton v. Mtge. Info. Serv., Inc.*, 212 N.C. App. 73, 78, 711 S.E.2d 185, 189 (2011). Here, as in the *Steele* appeal that we dismissed several months ago, the appellant did not make a sufficient showing to satisfy the substantial rights test.

## Conclusion

For the reasons discussed above, we dismiss this appeal for lack of appellate jurisdiction. We also decline Ms. Davis' request to construe her appellate filings as a petition for a writ of certiorari. Ms. Davis will have a full and fair opportunity for appellate review of the trial court's Rule 60(b) order after entry of final judgment in this case. Thus, certiorari is not appropriate here. *See Sood v. Sood*, ___ N.C. App. ___, ___, 732 S.E.2d 603, 609, *appeal dismissed*, 366 N.C. 417, 735 S.E.2d 336 (2012).

DISMISSED.

Judges STEELMAN and GEER concur.